The hearing is number 15-2239, Barber Newman v. Lehman Brothers Holdings. Good morning, may it please the court. My name is Jason Steed. Mr. Holder, do we have a world of court? My apologies, Judge. Thank you. Good morning, Mr. Steed. Good morning. May it please the court. I'm Jason Steed for the appellant, Barber Newman. I'd like to reserve two minutes for the hearing. The key question at the heart of this case, really the first domino in this case, is a simple yes or no question about whether Ms. Newman's OSHA interview is part of her written, if it's part of her OSHA complaint, if it goes with her written OSHA complaint. Before we get to that question, what is the question of what was presented to the district court? Many of the arguments that you have made to us, according to your point, were never made before the district court. If the only argument made to the district court was based on the written OSHA complaint and this other argument that you have to move in on the written complaint and also include the interview, the written complaint gives the April 23rd date, and if that was all that was before the district court, I don't see how we can find a mis-error. That's not all that was before the district court. So maybe to help the court understand how this played out. We understand. Go ahead. How it played out at the district court, just to walk through it. Ms. Newman filed a complaint that had only ERISA claims, but it expressed the intent to file SOX claims. Counsel, you've only got a little bit of time. We do know the history of the case. In the first motion, one of the earlier motions to dismiss at the hearing, she filed a medical complaint that attached the transcript of her interview. It was attached. It's the district court's electronic docket 67-1. It was attached to that complaint. It was not originally scanned electronically, so it didn't appear on the electronic docket. That's where the confusion that my friend on the other side asserted that it was never filed with the district court, which is false. It was filed with the district court. It wasn't scanned electronically originally. It is now available electronically, that 67-1 in the district court's docket. It was attached to a complaint, an amended complaint, that was a motion to dismiss. At the hearing, she referred to the OSHA interview. She argued that she had sufficiently named some of the defendants in the interview, not on the written complaint, but in the interview. She made that argument at the hearing. My friend on the other side argued that the interview didn't matter, that it had to be in writing. The district court still denied that motion to dismiss on both of the issues that are before the court now. Denied the motion to dismiss, but told her to amend her complaint again to add the OVC claims back in that she'd left out. She filed a new amended complaint, did not reattach the interview, but the interview was still there in the record from the prior complaint. She didn't reattach it to the new complaint. In the new complaint, she changed the allegations about the termination date because she had received new evidence about the termination date. I'm sorry. You're now going well beyond the record. It is true that the new complaint did not get a date. The earlier complaints did. It's not beyond the record. It's in the hearing transcript. The next motion to dismiss that they filed, she said, the reason that I changed this allegation is because I received new information that raises questions about my termination date. I don't actually know if I was terminated on April 23rd, but I thought I was. Okay, let me ask you a different claim. There's no appeal from the ERISA determination against the plan. And I tend to view these cases involving the plan and then the other employer defendants. As to the plan, how can there be retaliation for a claim against the plan when the district court has found that you have no ERISA claim, that the plan's determination not to give her benefits was a reasonable and not arbitrary and capricious claim? If I understand your honest question... Aren't you precluded now from pursuing a retaliation claim against the plan because of the ERISA ruling? Well, no, because proving an ERISA claim is different from proving a retaliation claim. And Ms. Newman's retaliation claim is not just about denial of benefits. I'm not asking that. As to the plan's role in the retaliation claim, yes, there are different standards, but essentially the district court found that the plan's denial of benefits was reasonable. That being the case, how can it have been retaliatory? Because retaliation... Well, first of all, let me step back and say, if there's a res judicata argument here, it's one that needs to be... They didn't raise that. No, they did. Okay. They didn't pursue it extensively. But there's not a ruling on that at the district court that's currently before this court. And if the plan as a party should be dismissed from the case on res judicata, then that would be something we can go do on remand if that's really what should happen. I still argue that the retaliation claim involves other kinds of factors, not the reasonable denial of the claims that the court might find under ERISA. So against the employers, you have various retaliation claims. But if the plan is an agent of the employers, and there's interference with her access to information about her benefits, or there's interference with other attempts to apply for benefits, which is some of what she's alleging, if any of that in any way involves the plan as an agent of the employer, then there may be a retaliation claim there. If there's not, if res judicata kicks all of that out, that's all done on remand anyway. If that's not something that is currently before this court on this appeal, as far as a ruling by the district court that this court would reverse. Okay, I think they make an argument. Let's go to the employer defendants. I think they make an argument that even if you consider the interview she did not at that point provide a basis to reverse the district court decision to dismiss the claims against the employers. Attached to that, I would add, you failed to identify a series of parties. The Lehman Brothers holding each group of benefits plan, or the Neuberger defendants, or any, in the case of retaliatory conduct, either the Lehman Brothers holding benefits plan, or the other Neuberger defendants. The key one here is Neuberger. She does talk about, in her interview with OSHA, she talks about how, She was asked about 31 parties, and she did not identify any of those parties. She was asked about 31 parties? The individuals are all out of this case. The individual people. Okay. So the real focus here is, did she sufficiently name Neuberger as an entity, the Neuberger entities? Did she sufficiently name the Lehman Brothers holding each group benefits plan? Well, Lehman, in generic terms, was named over and over again. And the officers and employees of Lehman were named, who, again, if the focus here is on the plan specifically as one of the parties, I concede who exactly the right parties, a lot of parties were named here. Who exactly the right parties are going back to the district courts. Let's go back to Neuberger and answer the question, please. So in her written OSHA complaint, she named five officers and employees of Neuberger. In her interview, she talked about doing most of her work for Neuberger, at Neuberger as her employer. She was officially employed, but Neuberger was within, it was a subsidiary within the Lehman family, and she was officially employed by Lehman, but did most of her work for Neuberger, and she named Neuberger as an entity that she did most of her work for. Named five officers and employees of Neuberger, and talked about Neuberger in the context of all of her retaliation claims in her interview. Under the Jones case with the Fourth Circuit, that is sufficient. If she's named parties in the body of her complaint, in a way that they have reasonable notice that they might be involved in this retaliation case, that's all, she's carried her burden at that point. Here you have five officers and employees of Neuberger. What did she say during the interview as to the date of her termination? She explained that she did not receive notice of termination until April 24th, because the interviewer asked her about the April 23rd date on the written complaint, and she explained that's the date that the termination, the severance agreement session. She got the phone call on the 23rd, right? Well, she said that, but that's a fact question. We have to back up here and recognize this is a motion to dismiss. We don't even have summary judgment evidence, let alone actual trial evidence about fact questions. There are some inconsistent allegations, because she says she was terminated April 23rd, she does mention a phone call, but then she explains in her interview she didn't get notice of the termination until April 24th, which was her consistent story throughout this litigation. So any inconsistency in allegations has to be reconciled in her favor at a motion to dismiss. Thank you. May it please the court. David Robinson here on behalf of the plan and the Neuberger defendants on appeal here. To address the plan issue, just as an aside, I've raised in my brief that there's been no opposing argument. The plan was dismissed on an alternative ground by the court, that there was no allegation that they were an employer of Ms. Newman, and that hasn't been appealed. So I think safely you could dismiss the plan on that ground, you could uphold the dismissal on that ground alone. Yeah, but he just said the plan was an agent of the employer. No, but the court specifically found that based on the allegations in the complaint, the actual complaint filed, the second amended complaint, they found that there was no allegation that that was an employer. So the court found that that was an alternative ground. Anyway, the court, I'd like to focus the argument on the failure to name first, because I think it's a little clearer on that issue. It's pretty clear in black letter law, every case that's dealt with this issue says you have to name all the parties that you intend to bring in the complaint. Okay, what do you do with the Fourth Circuit notion that you should actually look at whether fair notice was given to the institution by the naming of individuals employed at that institution? Well, I think, Your Honor, the Jones case actually says the opposite. I actually think that Jones is right in line with that argument. In Jones, the plaintiff named the company as a respondent and then identified in the second paragraph, here are the parties I'm bringing action against. They mentioned they named three officers in that, and basically I have the quoted language. These are persons who are alleged to have violated the act who the complaint is being filed against. Based on that, the Fourth Circuit said, look, you can't just toss them out on the curb. You've substantively complied. It's just a technical difficulty. It's a trip wire for the hapless plaintiff to require them to put it in the first paragraph rather than the second. So I don't view the Fourth Circuit deviating that far from the rest of the cases. So in the Fourth Circuit case, the employer was actually named in the complaint? That's correct. Okay. Our case is distinguishable because the employer was not named in the complaint. Absolutely. In the OSHA complaint itself, there is no reference to Newberger or the plan as a party, despite naming Lehman Brothers Inc. and 33 other parties, including Lehman Brothers' attorney at the time. Why isn't that enough to name the corporation, which is actually a fictive person? How else would you give notice other than saying that it's managing agents, sir? The notice part, though, isn't receiving the complaint. The notice part is reading in the complaint that you're in it.  It was implied that you have a company. And then you name these officers in it. And then the officers participate in the defense. And in that case, the court says, look, you're on notice. Here, they're trying to do the opposite. They're saying an officer was served. And by the way, he was served through Lehman Brothers, not through Newberger Berman. All the addresses listed for the defendants were Lehman Brothers in the complaint. So to me, I don't know how Newberger could have been on notice that they would be drawn into the action. All that was listed there was this person. They didn't even describe what acts this person did, along with the 33 other people that were named. I mean, clearly the plaintiff was attempting a carpet bomb. And I want to make it clear, too, that in the record, the plaintiff herself acknowledged the need to name every party in the complaint. In her OSHA complaint, on the last page, page 229, she states, I believe in good faith I've complied with all the obligations under OSHA. And one of the obligations was she lists, and I quote, Complaints must specify who the identities and persons are and their address. And then she cites the regulation for that. OK. To build on Judge Kayada's comment, sort of what's sauce for the goose is sauce for the gander. So if the issue really is appropriate notice, one could infer from the naming of Newberger individual defendants that Auburn McLean was meant to be a defendant here. To that, you have said, well, they were served through Lennon Brothers. Do you have any other argument that would say it was not enough to give notice here? Well, I don't think that they were being named in their capacity as Newberger. In the complaint, they're just named. It doesn't say named. Can I ask you a question? Sure. I'm just saying these are what the facts are. I'm dealing with them as a remnant. I think the regulations are fairly clear that you have to name all the parties. The regulations don't say that you have to provide substantive notice or partial notice. It defines what the named person is. The named person is the employer or the company or the company's representative who's alleged to have violated the act. So it's a very simple thing. You need to name the party and allege that they violated the act. How simple is that? You set up a company where apparently someone didn't know for sure what company and employer. I tend to disagree, Your Honor, on that. I think she knew who the employer. I think the problem was the interview occurred after Lennon Brothers filed for bankruptcy, and at that point there may have been a shifting of sands there, Your Honor. Well, certainly Newberger knew whether they were the employer or not. Well, Newberger wasn't the employer. She alleged her allegations that she didn't work for Newberger, but her paycheck came from Lehman Brothers. And that's the problem. I'm not sure if that is, Your Honor. So when you look at the regulations for an OSHA action, which is not just an investigation that includes a full adjudication and administrative hearing, OSHA is required to notify every named person of the complaint and the rights they're under. They're also allowed by named parties to be a party in every proceeding. And that's so that they can participate in the investigation and participate in the defense. Now, there's been no court case out there that says that you don't have to name every party. Every case out there says you have to name every party. The dispute is just simply whether they need to be named as a respondent versus just identifying them in the body of the complaint. So here, and that's the Jones v. Selkey case, which I talked about previously, and I won't get into it, but here this isn't just a technical failure to identify. Basically, they failed to identify it entirely. So I don't even think you get the exception under the Fourth Circuit, which was created to that. Now, turning to the issue of the OSHA transcript, as we argued in our motion to strike and in the brief, there's a strong waiver argument here. Go back a step behind that. Sure. Let's assume we just have one complaint, and let's assume that we're silent as to the date. Statutory limitations being an affirmative defense. And let's say you came in with the OSHA complaint, and the OSHA complaint said April 23. You've got evidence, powerful evidence, out of the mouth of the opponent, the plaintiff, that the date is April 23. So you go to a 12 v. 6 hearing, not a rule 56 hearing, and are you entitled to treat that not just as evidence, but as evidence that's so dispositive that it cannot be denied? I think so. Suppose someone made a mistake on the form they filed with OSHA. They're forever bound by that? They can't argue and say, we contest that, Your Honor. It's out of our own mouth, but we contest it. The jury might find she made a mistake. Well, I think, Your Honor, in this case, a court is entitled to look outside the complaint when you're dealing with an integral document. I've granted you that. I've shown you the OSHA complaint. You've got it. It's got down-to-earth evidence. You could use a rule 56, maybe, although even a rule 56, if she signs an affidavit that says, I deny that was the date, that was wrong, you wouldn't get summary judgment, would you? I think you would, Your Honor. This is a complaint she filed with OSHA. And you're not saying that she could later change her story? What doctrine keeps you from changing your story? Judicial estoppel might, if she gained some advantage by having the date, but I don't see where that applies here. So what other doctrine treats it not just as evidence, but as binding, preclusive evidence? Well, Your Honor, I think that that goes back to the cases when they talk about how the court can look outside the complaint. When you're talking about the actionable document. We've got you that, sir. No, no, no. But in that line of cases, they also talk about whether there's a conflict. And in there, the First Circuit has ruled that if there's a conflict, the actionable document applies. Otherwise, a plaintiff could just simply remove the document and plead around the issue and avoid dismissal. Well, no, if the outside document, you can refer to it, is irrefutable, then okay. But I'm questioning why this would be why an admission by a plaintiff that the plaintiff's counsel argues will be recanted when we get to the entry stage of the case. Why that is, on a 12B6 standard, so implausible as to allow us to enter judgment. Well, because then any plaintiff could just walk away from what they've said in OSHA once it's been pointed out that they've been untimely or they didn't name a party. They can later allege around the issues. But you couldn't allege around not naming a party. Probably not, no, Your Honor. So you're saying this is a bit different than just a civil 12B6 case because you first have to exhaust in front of OSHA and the OSHA regs are pretty strict. And if she wanted to make that argument, it should have been made to OSHA because the district court looks at the OSHA record. That's correct, Your Honor. And also, she could have filed an amended complaint with OSHA. But instead, she decided to just withdraw the complaint and take her chances with the court. And I think in that instance, given what she's doing, she's filing a legal action. And I would argue it's possibly up in the air whether it's jurisdictional for the federal courts to then take it until she's done that. So to me, that's a higher-weighted standard than just simply having a dispute of fact between affidavits. This is something that she filed as a prerequisite to filing suit. It was her lawsuit until she actually exhausted her administrative remedies. Now, am I out of time? I'd like to hear a moment on waiver. You mentioned that, but you haven't argued it. Okay, thank you, Your Honor. I appreciate that. So the waiver issue here, it's critical because the first time we ever heard these arguments was on appeal. Now, this alleged transcript from OSHA, it wasn't attached to the second amended complaint. It wasn't served on the defendants at any point. Now, I know that it did end up in the record because she had filed it, and it was never put on the system at the clerks. But it was never served on the defendants, and it was never part of any opposition to the motion to dismiss, at least the papers. Now, the plaintiff's claim that referenced in a prior motion was sufficient to preserve this issue for appeal, I would posit that it actually strengthens the waiver argument. Because if you read that section in the record where he mentions it, he mentions that there were taped conversations. There's no way anybody would have known what that meant at the time because we didn't know what these taped conversations were. But counsel, we pointed out to the court, this isn't the record, Your Honor. And at that point, he stopped arguing further. He said, I rest my argument. So he knows now that there is nothing in the record to support this taped conversation argument. He then has to file a second amended complaint. But he doesn't, for whatever reason, but it had to be intentional, he doesn't include the interview transcript. He then filed a motion to dismiss on the basis that we've been failed to name as a party again, and yet still doesn't pull up this transcript. And in that argument, he doesn't even mention it at all, and the court ultimately dismisses the action. So I argue that that doesn't preserve it for appeal. I actually say that that strengthens the waiver here. And given that it's an intentional decision by counsel, I don't think that it's appropriate at this point for the First Circuit to take it up when they made a decision not to do it in the lower court. That didn't work out well for them, so now they want to try to bring it on appeal. But in any event, I think that the document itself doesn't help the plaintiff's case, but I will rely on that in my brief. Is that the only waiver issue you're raising? We raised other waiver issues, Your Honor, but I think that's the critical one, because I think that's the one that's the most factual-based and legal-based at the same time. So you're relying on your brief for the others? That's correct, Your Honor. Thank you. Thank you, Your Honor. Mr. Steele? My friend slightly misrepresents what happened. When Ms. Newman referred to taped conversations, it was at the hearing on the motion to dismiss the complaint that did have the transcript attached to it. So he's referring to the transcript that was attached to that complaint at a hearing on motion to dismiss raising these issues. But did he have a copy of that complaint? I mean, the complaint with that attached was filed at the district court. I don't know about the service. It was filed, but I thought you said it wasn't copied. The attachments were not scanned in the electronic record. What I can't figure out here is you have a hearing where you survive on the exhaustion issue with the judge specifically pointing to the fact that she says April 24 in her complaint, and in this complaint you've got this attachment. And then she amends her complaint when she gets counsel, and counsel drops the allegation that it was April 24 and doesn't attach the transcript. That seems almost like you're going out of your way to disavow what it was that kept the case alive. Well, those are two separate things. I don't know why the transcript was not reattached to the new complaint. I don't know how that would have been. It could have just been an oversight that they forgot to attach it. But then he yanked the one allegation that kept the case alive. But he explained why. At the next motion to dismiss hearing, in the hearing, he said, Yeah, because that became the main issue on that next issue. And he said, That explanation isn't in the pleading. Sorry, say that again? That explanation isn't in the pleading. The new amended complaint says that she was terminated soon after she filed her OSHA complaint. That's later than April 24. You have April 23, April 24, and then her new complaint says, I was terminated soon after my OSHA complaint, which is after September. So we're long past April. And that's the actual allegation. If the termination didn't occur until after the complaint was filed, then how could that complaint have exhausted the claim? That's another slight misrepresentation of the record. Again, we're at motion to dismiss stage here. There hasn't been a set up. I'm still understanding. If your termination occurs in February, but you filed a complaint with OSHA in January, how could that complaint possibly exhaust the claim based on the February termination? You have to update your OSHA complaint, which Ms. Newman did. She updated OSHA numerous times about things that had continued to happen after her OSHA complaint. Did she bring that to the attention of the district court? Again, this is motion to dismiss. My question is, did she bring it to the attention of the district court? No, but that's because we're not doing fact-finding on a motion to dismiss. This is not an evidentiary dispute about all the different things that happened. This is, did she sufficiently allege in her complaint enough to survive a motion to dismiss? She alleged in the live complaint, I was terminated soon after my OSHA complaint was filed. And then the OSHA complaint includes the interview. And the interview makes it clear that at the very least, she did not have notice of the termination until April 24th, which makes her OSHA complaint timely. And in her interview, she says that she names Neuberger and she names all the other officers. And Neuberger is part of the interview. So he's part of the OSHA complaint. So both of the issues here were presented to the district court. This is a motion to dismiss. Were there sufficient allegations? And I also, we haven't talked about this yet, but she had... You're over time. I'm not going to say anything but one sentence, and that is she had other retaliation claims. The benefits-related retaliation claim was dismissed. That's two sentences now. Sorry. Semi-colon. The benefit was dismissed. Thank you, counsel. Next case, Your Honor.